# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **TJIANNA KELLY** | **CIVIL ACTION NO. 11-1790** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN JIM ROGERS** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a  petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Tjianna Kelly ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this Court on October 3, 2011.   Petitioner is incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.  She challenges her state court conviction and sentence.  She names Warden Jim Rogers as respondent.

On November 20, 1997, Petitioner was convicted of one count of second degree murder in Louisiana's First Judicial District Court, Parish of Caddo.  On December 17, 1997, she was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) her 6th Amendment rights were violated regarding the confrontation of witnesses, (2) evidence tampering, (3) the court

denied her the right to allocute and present mitigating evidence, (4) the victim showed a

pattern of violent activities, (5) she was in panic mode and the case should be dismissed, (6)

the statements of the witnesses were inconsistent, and (7) she received ineffective assistance

of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and her

petition should be dismissed because it is barred by the one-year limitation period of the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year

period of limitation [that] shall apply to an application for writ of habeas corpus by a person

in custody pursuant to the judgment of a State court."  The limitation period runs from the

latest of four possible dates, as follows[1]:

1.    the date "the judgment became final by the conclusion of direct review or the

       expiration of the time for seeking such review;"

2.    the date "the impediment to filing an application created by State action in

       violation of the Constitution or laws of the United States is removed if the

       applicant was prevented from filing by such State action;"

3.    the date that "the constitutional right asserted was initially recognized by the

_____

[1]   The time during which a properly filed state post-conviction relief application or other
collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C.
§ 2244(d)(2).

Supreme Court," if it is newly recognized and made retroactively applicable; or

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

The Court will first determine when Petitioner's conviction and sentence became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on November 20, 1997 and sentenced on December 17, 1997. The Louisiana Second Circuit Court of Appeal affirmed her conviction and sentence on October 28, 1998.  State v. Kelly, 731 So.2d 551, 98-31359 (La. App. 2 Cir. 10/28/98).  The Supreme Court of Louisiana denied writs of review on April 9, 1999.  State v. Kelly, 740 So.2d 625, 1998-3065 (La. 4/9/99).  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after April 9, 1999 on July 8, 1999.

The federal petition currently before the Court was filed in this Court on October 3, 2011 and signed by Petitioner on September 28, 2011.  Since the federal clock began ticking in July 1999 and Petitioner had one full year in which to file her federal petition, Petitioner would have had to file this petition in or before July 2000.  This petition was not filed until October 2011 and not signed until September 2011, more than 11 years too late.

In addition, the untimely post-conviction applications initiated by Petitioner in October 2001 and July 2008 do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file the first application for post-conviction relief until October 2001 and the second application for post-conviction relief until July 2008, after the limitation period had already expired in July 2000.  Thus, statutory tolling does not apply in this matter and this case is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner claims that her federal petition is timely because of newly discovered evidence.  She claims the newly discovered evidence will be DNA evidence found on the club located under the victim when she was turned over by the EMT.  The Court will construe her claim of newly discovered evidence as an argument that she is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D).  This claim is without merit.  This subsection permits the determination of the limitations period from " ... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence."  The factual predicate of Petitioner's claim is alleged DNA evidence that will be

found on the club located under the victim's body when she was turned over by the EMT.

Petitioner argues that in support of her claim that the deceased victim showed a pattern of violent activities, there should be a DNA analysis of the club pursuant to La. C.Cr.P. art. 926.1.  This article provides in pertinent part, "Prior to August 31, 2014, a person convicted of a felony may file an application under the provisions of this Article for post-conviction relief requesting DNA testing of an unknown sample secured in relation to the offense for which he was convicted."  Petitioner was aware of the existence of the club at the time of her trial and the possibility of DNA evidence.  The club was not an unknown sample.  As provided by the statute, Petitioner may have the limitations period calculated not from the date the "new" fact was discovered, but rather the date upon which the "new" fact "could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D). Furthermore, Petitioner has failed to allege that this newly discovered evidence is the basis of her remaining six claims.

The Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period the factual predicate of her claim.  Thus, Petitioner cannot rely upon the provisions of 28 U.S.C. § 2244(d)(1)(D).

**Equitable Tolling**

The Court will liberally construe Petitioner's claim of newly discovered evidence as an argument that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is

therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate."  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one-year limitation period should be equitably tolled because of newly discovered evidence.  The Court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The pleadings do not suggest that Petitioner was "actively misled" nor do they suggest that she was prevented in any way from asserting her rights.  A mere claim of actual innocence does not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).  Thus, equitable tolling does not apply in this

matter and this case is time barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 25th day of October 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE